*1051 OPINION.
Lansdon:
The single question for determination here is whether the profits collected during the taxable year from the Construction contracts between petitioner and the several counties was income to the petitioner. The answer to this question depends upon the force and effect to be given to the efforts made by petitioner on May 28, 1921, to assign said contracts to its president, J. S. Carpenter.
The resolution of the stockholders proposed to transfer to Carpenter all contracts and parts of contracts which were then uncompleted or which had been completed but not accepted by the counties on June 1 thereafter. Certain conditions were imposed, including one which required Carpenter to secure the release of the petitioner *1052 from all its obligations connected with tlie contracts to be transferred. The record shows that on many of the contracts all the work had been completed and that upon the acceptance thereof, the petitioner could collect the amounts due it. It is also apparent that practically all the work had been done and the outlay necessary to the completion thereof incurred on a great majority of the contracts that were listed as unfinished. In these conditions there were for the most part no obligations from which Carpenter could have secured the release of the petitioner, since all that remained to be done was the collection of the contract prices after the acceptance of the work. Carpenter paid the petitioner the outlay that it had incurred and acquired the right to make collections for the finished and unfinished contracts which he took over from the petitioner. In these circumstances the alleged transfer of contracts resolves itself into a mere attempt to transfer income already earned.
On the whole, the record shows that the contracts on which the profits herein considered were earned were obligations of the petitioner from which it was never released. The acts of its president in carrying out the contracts in question, under the circumstances of this case, were the acts of petitioner and, aside from the question as to any rights he might have in them by reason of the manner in which they were earned, the profits paid to him from such were income to the corporation.
Reviewed by the Board.

Decision will be entered wider Rule 50.

MillieeN concurs in the result.